IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DR. SCOTT B. KALNIZ, D.D.S.,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:09-CV-0561 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| **OHIO STATE DENTAL BOARD, et al,** : | Magistrate Judge Kemp |
| : | |
| Defendants. : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Ohio State Dental Board, Mark T. Armstrong, Billi Sue Kyger, Berta I. Howard, Mary Ellen Wynn, Douglas W. Wallace, Ketki B. Desai, Janes J. Lawrence, William G. Leffler, Lawrence B. Kaye, W. Chris Hanners, Linda R. Staley, Ann E. Nabers, and Clifford Jones's Motion to Dismiss (Dkt. 15); Defendant Eleanore Awadalla's Motion to Dismiss (Dkt. 13); and Defendant Lili Reitz's Motion to Dismiss (Dkt. 14) (collectively "Defendants") Dr. Scott B. Kalniz's ("Dr. Kalniz") Complaint (Dkt. 2). For the reasons stated below, this Court **DISMISSES** the Ohio State Dental Board under the Eleventh Amendment; and as to the remaining Defendants, this Court finds that *Younger* abstention doctrine applies, and that, under Sixth Circuit case law, this Court will stay the current action and abstain from exercising jurisdiction at this time.

### II. BACKGROUND

Plaintiff, Dr. Kalniz, is a practicing licensed dentist in the state of Ohio, and owns a practice of dentistry at 4321 Talmadge Road, Toledo, Ohio 43623. Defendants include the Ohio

State Dental Board ("Dental Board"); twelve members of the Dental Board in their official capacities (Mark T. Armstrong, Billi Sue Kyger, Berta I. Howard, Mary Ellen Wynn, Douglas W. Wallace, Ketki B. Desai, Janes J. Lawrence, William G. Leffler, Lawrence B. Kaye, W. Chris Hanners, Linda R. Staley, Ann E. Nabers, and Clifford Jones); Dr. Eleanore Awadalla, employee of the Dental Board and practicing dentist, in her official and individual capacity; and Lili Reitz, Executive Director of the Dental Board, in her official and individual capacity. The Dental Board is a state agency, enacted by Ohio Revised Code Chapter 4715.01, et seq., and the regulations in the Ohio Administrative Code Chapter 4715, et. seq.. Members of the dental board are empowered by the statute to license and regulate dental professionals in the State of Ohio, as well as enforce the provisions of O.R.C. § 4715.01, et seq., and O.A.C. § 4715, et. seq.

In 1998, Dr. Kalniz began practicing dentistry in Toledo, Ohio, and immediately thereafter began to advertise his dental services. Over the past several years, Dr. Kalniz has acquired other practices in the Toledo area, and has enjoyed economic success in his practice. Dr. Awadalla, employed by the State Dental Board, also runs a practice in the Toledo area.

Soon after Dr. Kalniz began practicing, a Board investigator seized business records, without a subpoena or court order, stating that the Board had received complaints regarding Dr. Kalniz's advertising. Dr. Kalniz permitted the seizure of documents, but alleges that all of his advertising is truthful, non-deceptive and non-misleading, and is protected by the First Amendment. In 2007, Dr. Kalniz received a reprimand/warning from the Dental Board for an alleged violation of O.A.C. § 4715-13, which governs public announcements, publicity, advertising, and solicitation. Dr. Kalniz alleges that the warning was intended to have a chilling effect on him and to induce him to forego lawful advertising because of the threat of formal

disciplinary action. No formal disciplinary action resulted from the reprimand/warning, and Dr. Kalniz continues to advertise, although he fears imminent disciplinary action by the Dental Board.

In November 2007, a Board investigator came to Dr. Kalniz's office and asked for twenty-five patient records. Dr. Kalniz printed out computer records for each patient the investigator requested. The investigator did not provide Dr. Kalniz with any complaints from any of the patients whose records were requested. Dr. Kalniz had no further interaction with the Board until April 2008.

In April 2008, Board investigator Kathy Carson, Board Enforcement Supervisor Joseph Yonadi, and a third, un-identified person, produced a subpoena for thirty-six patient records, and printed those records off of Dr. Kalniz's office computer. Dr. Kalniz alleges that the investigators were acting in accordance with directions from Defendants Awadalla and Reitz. In August 2008, another Board investigator came to Dr. Kalniz's office with a subpoena for two additional patient charts. Dr. Kalniz complied with the subpoena.

In his Complaint, Dr. Kalniz asserts that Defendant Reitz, who as the Executive Director oversees the daily operations of the Dental Board, is a personal friend of Defendant Awadalla, who Dr. Kalniz alleges directly oversaw his investigation and is in direct economic competition with Dr. Kalniz. Defendant Awadalla is a former Dental Board Member, and is the Quality Intervention Program (QUIP) Coordinator. Dr. Kalniz contends that the delegation of the QUIP position is unlawful, and that Defendant Awadalla is given unlawful access to pending investigations, including the Kalniz investigation. Finally, Dr. Kalniz contends that the

investigation into his practice was unlawfully directed by Defendants Awadalla and Reitz without the knowledge of the Board Secretary.

The allegations against the practices used by Defendants Awadalla and Reitz are as follows. In October, 2007, Defendant Awadalla took an aggressive interest in investigating him, and asked the Dental Board Staff, in referring to Dr. Kalniz, whether they were "going up there to help that little Jew boy." In October 2007, Defendant Reitz then directed Kathy Carson and Barbara Palmucci, Dental Board investigators, to perform an infection control evaluation of Dr. Kalniz's office. Defendant Reitz then assigned the investigation to Defendant Awadalla, and did not make the Board Secretary aware of the investigation until November 28, 2007. At that point, Board investigator Carson was assigned to the case, and was told to report to Defendant Awadalla. Defendant Awadalla then arranged for out-of-state experts to review the evidence collected against Dr. Kalniz in the investigation without first entering into a written contract with the experts, as Dr. Kalniz believes is the custom and practice of the Dental Board. These out-of-state expert reports were later disposed of, and Defendant Awadalla then retained Ohio experts to review the investigatory file. Finally, Defendant Awadalla told others that Dr. Kalniz's license was in jeopardy, in violation of the confidentiality provisions of the statute.

Dr. Kalniz alleges that the Dental Board has exceeded its statutory authority by delegating enforcement authority to a single Dental Board member, and by reducing public Board meeting time, such that the investigatory and disciplinary process is unlawfully driven by staff members. Additionally, the Dental Board is isolated from the investigative and disciplinary process, and, therefore, is overly reliant on the investigative staff in issuing and regulating formal disciplinary charges. Dr. Kalniz contends in the Complaint that all of the Defendants

have conspired to elicit complaints against Dr. Kalniz by other dentists and/or former patients. Finally, Dr. Kalniz raises as unconstitutional the fact that there is no provision in the statutory scheme that allows him to take depositions or to conduct formal discovery in order to defend himself and assert his constitutional rights.

Dr. Kalniz brings six causes of action[1] against the Defendants, seeking declaratory and injunctive relief due to facial and as-applied constitutional challenges related to the Ohio statutory scheme for the regulation of the practice of dentistry. Dr. Kalniz filed his Complaint on July 6, 2009. On September 25, 2009, Defendant Eleanore Awadalla filed her Motion to Dismiss, on September 28, 2009, Defendant Lili Reitz filed her Motion to Dismiss, and on September 28, 2009 Defendants the Ohio State Dental Board, et. al., filed their Motion to Dismiss. The Dental Board began formal proceedings on October 14, 2009, when the Board issued formal charges against Dr. Kalniz and provided him with notice of these charges and the opportunity for a hearing regarding the formal charges. Dr. Awadalla's Motion to Dismiss was fully briefed and ripe for review on October 30, 2009, Lili Reitz's Motion to Dismiss was fully

---

[1] The causes of action are: 1) the Ohio regulatory scheme is unconstitutional on its face and as applied by Defendants against Dr. Kalniz because it violates Dr. Kalniz's right to due process of law under the U.S. Constitution, particularly as they statutory scheme affects his constitutionally-protected property interest in licensure; 2) through the boards investigations and proceedings, the Board violated Dr. Kalniz's due process rights because of his constitutionally-protected property interest in licensure; 3) the Ohio regulatory scheme is unconstitutional on its face and as applied because it violated Dr. Kalniz's equal protection rights under the U.S. Constitution; 4) through its investigations and proceedings the Board violated Dr. Kalniz's equal protection rights; 5) the Board has violated, and threatens continued violations, of Dr. Kalniz's right to commercial free speech as guaranteed by the First Amendment to the U.S. Constitution; and 6)through its investigations the Board acted beyond its lawful authority and violated Dr. Kalniz's Fourth Amendment right to be free from unreasonable searches and seizures.

briefed and ripe for review on November 3, 2009, and the Ohio State Dental Board, et. al.'s Motion to Dismiss was fully briefed and ripe for review on November 5, 2009.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather,

the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

When faced with a threshold question of whether to apply *Younger* abstention doctrine, a court must first address the *Younger* issue prior to engaging in any analysis on the merits of the case. *Tenet v. Doe*, 544 U.S. 1, 6, n.4 (2005); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 100, n.3 (1998).

## IV. LAW AND ANALYSIS

### A. Eleventh Amendment Immunity

The Ohio State Dental Board argues that Dr. Kalniz's claims against the Board are barred by the Eleventh Amendment of the United States Constitution. The Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

The Eleventh Amendment bars suits against an unconsenting State or one of its agencies or departments brought by a citizen of its own or of another State. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1981); *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, the State of Ohio has not waived its Eleventh Amendment immunity in federal courts. *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985).

Dr. Kalniz concedes that the Eleventh Amendment bars his claim against the State Dental Board, and this Court agrees. Accordingly, the Ohio State Dental Board is **DISMISSED** from this case.

### B. Younger Abstention Doctrine

In their Motions to Dismiss, Defendants[2] argue that this Court should abstain from exercising its jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Dr. Kalniz argues applying *Younger* abstention doctrine would not be appropriate in this case.

In *Younger v. Harris*, the Supreme Court held that federal courts should refrain from interfering in a pending state criminal law enforcement process. *Id*. Several years later, the Supreme Court clarified that the *Younger* abstention doctrine applies to all civil proceedings in which government is a party. *Trainor v. Hernandez*, 431 U.S. 434 (1977). The Supreme Court then extended *Younger* abstention to apply not only to civil cases, but also to state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc*, 477 U.S. 619, 627 (1986). The Sixth Circuit has held that "[u]nder Younger abstention...a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are involved.**"** *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008).

---

[2] Only the members of the Ohio State Dental Board sued in their official capacity (Mark T. Armstrong, Billi Sue Kyger, Berta I. Howard, Mary Ellen Wynn, Douglas W. Wallace, Ketki B. Desai, Janes J. Lawrence, William G. Leffler, Lawrence B. Kaye, W. Chris Hanners, Linda R. Staley, Ann E. Nabers, and Clifford Jones), raise *Younger* abstention claims, whereas Defendant Awadalla and Defendant Reitz do not. As this Court finds that *Younger* abstention is appropriate here, it abstains from exercising jurisdiction over any of the remaining Defendants (other than the Dental Board) so as to comply with *Younger* and avoid any interference in the state proceedings.

Courts must consider three factors in determining whether to abstain from interfering in a state proceeding: "1) whether the underlying proceedings constitute an ongoing judicial proceeding, 2) whether the proceedings implicate an important state interest, and 3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (citing *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). This Court will consider each factor in turn.

*1. Ongoing Judicial Proceeding*

Dr. Kalniz argues that the first *Younger* factor is not met in this case because at the time he filed his Complaint, there was no pending state proceeding. Defendants rely on *O'Neill v. Coughlan* for the proposition that an administrative proceeding is ongoing when it is in the investigation phase. In *O'Neill*, the Sixth Circuit held that because the Ohio Supreme Court has held that the filing and investigation of a grievance is part of a judicial proceeding, an administrative proceeding had begun for the purposes of *Younger* when a grievance had been filed against a judge. 511 F.3d at 644. In this case, it is unclear from the record whether an official grievance was filed against Dr. Kalniz to trigger the investigation. Given that the *O'Neill* court specifically limited its finding to a situation in which a grievance had been filed, this Court finds that it does not apply to the situation *sub judice* and leaves unanswered whether the Dental Board's investigation constituted an ongoing judicial proceeding.

This Court does not reach the issue of whether the Dr. Kalniz investigation constitutes a state proceeding such that *Younger* should apply, because prior to this Court engaging in any proceedings of substance in this case, an official disciplinary proceeding was instituted against Dr. Kalniz. In *Hicks v. Miranda* the Supreme Court held that even if state proceedings were not

pending at the time the federal suit is initiated, *Younger* abstention doctrine will apply if the state proceeding is commenced "before any proceedings of substance on the merits" in the federal case. 422 U.S. 332, 349 (1975), *overruled on other grounds by Mandel v. Bradley*, 432 U.S. 173 (1977). While the contours of what defines a proceeding of substance have yet to be established by the Supreme Court or the Sixth Circuit,[3] it is clear that this Court has not reached any proceedings of substance on the merits as it has yet to decide the Motions to Dismiss currently before it. It is undisputed that an administrative judicial proceeding began on October 14, 2009, when formal charges were issued against Dr. Kalniz. (Pl.'s Resp. Br. to Defs.' Mot. to Dismiss, at 21.) As a result, a state proceeding has been initiated prior to any proceedings of substance on the merits in Dr. Kalniz's federal court case. Accordingly, under *Hicks v. Miranda*, the ongoing judicial proceeding factor of *Younger* abstention doctrine is met in this case.[4]

*2. Important State Interest*

Dr. Kalniz concedes, and this Court agrees, that the regulation of the practice of dentistry is an important state interest, meeting the second *Younger* factor. *Dyck v. McReynolds*, No. 90-

---

[3] In *Hicks* the Court found that the denial of a temporary restraining order did not consist of a proceeding of substance on the merits. In *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984), the Court found that where a preliminary injunction had been granted, *Younger* abstention would no longer be appropriate. Finally, in *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003), the Sixth Circuit held that where a state filed a complaint seeking forfeiture four days after the plaintiff had filed her federal complaint, *Younger* abstention doctrine should be applied.

[4] While bound by Supreme Court and Sixth Circuit precedent, this Court does recognize the potential negative ramifications the *Hicks* doctrine might have by allowing state officials to control where federal claims are litigated simply by bringing a state judicial proceeding after a federal complaint is filed. *See Hick v. Miranda*, 422 U.S. 332, 357 (1975) (Stewart, J., dissenting); Owen M. Fiss, *Dombrowski*, 86 Yale L.J. 1103, 1135-36 (1977).

5581, 1991 U.S. App. LEXIS 4167, *7 (6th Cir. Mar. 7 1991)("the regulation of the practice of dentistry and insurance are clearly important state interests.").

*3. Adequate Opportunity to Raise Constitutional Challenge*

Dr. Kalniz argues that under Ohio law he will not have an opportunity to present his constitutional challenges in the State Dental Board Administrative proceeding. Dr. Kalniz is correct in his assertion that administrative boards in Ohio do not have jurisdiction to determine the constitutionality of their enacting statutes, *State ex rel. United Auto., Aerospace & Agric. Implement Workers of America v. Bureau of Worker's Comp.*, 108 Ohio St.3d 432, 441 (2006). Ohio case law makes clear, however, that Dr. Kalniz will have the opportunity to raise his facial and as-applied Constitutional challenges at either the administrative board proceeding level, or on appeal to the state court.[5] *Reading v. Pub. Util. Comm.*, 109 Ohio St.3d 193, 196 (2006). In *Reading*,[6] the Ohio Supreme Court held that "a *facial* constitutional challenge to a statute need not first be raised before the commission. However, a litigant must raise an *as-applied* constitutional challenge in the first instance during the proceedings before the commission in order to allow the parties to develop an evidentiary record." *Id.*

---

[5] In *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986), the Supreme Court found that even if constitutional claims cannot be determined in the administrative proceeding "it is sufficient...that constitutional claims may be raised in state-court judicial review of the administrative proceeding."

[6] *Reading* dealt with a hearing before the Ohio Public Utilities Commission, which is similar to the Ohio State Dental Board in that it "is an administrative agency with powers specifically granted by the Revised Code, and it has no authority to declare a statute unconstitutional. The commission is statutorily authorized to receive evidence in its role as a fact-finder." 109 Ohio St.3d at 195. The Ohio State Dental Board is also granted its powers by the Ohio Revised Code, and is authorized to receive evidence as a fact-finder. O.R.C. §4715.01, et seq.; O.R.C. §4715.03, O.A.C. §4715-15-02.

Dr. Kalniz brings both facial and as-applied challenges. The opportunity to have his facial Constitutional challenges heard during the state review process of the administrative proceeding under O.R.C. §119.12 are adequate under *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986). As to his as-applied Constitutional challenges, Dr. Kalniz argues that he will be unable to develop a record of his constitutional claims at the administrative proceeding level, thereby barring state court review. *See Board of Educ. of the South-Western City Schools v. Kinney*, 24 Ohio St.3d 184 (1986) (finding constitutional claims waived where not raised before Tax Commissioner proceeding prior to state court review). Dr. Kalniz, however, has not offered any support as to his claim that he is unable to raise the as-applied constitutional challenges during the Dental Board proceeding,[7] and this Court has failed to find any authority that would impede Dr. Kalniz's ability to do so. Furthermore, the Ohio Supreme Court has indicated that as long as Dr. Kalniz raises his claims at the administrative proceeding level to develop an evidentiary record, he will be able to have his constitutional claims heard at the state court review, regardless of whether the Dental Board makes an actual determination as to his claims. *Reading v. Pub. Util. Comm.; State, ex rel.*; *Columbus S. Power Co., v. Sheward*, 63 Ohio St.3d 78, 81 (1992) (noting that the "constitutional claim could be raised before the commission and subsequently appealed to this court under the

---

[7] Although he cites to no case law in support his argument that discovery is constitutionally required in order to be given an adequate forum, as noted above, Dr. Kalniz argues that the lack of formal discovery in the proceeding will impede his ability to develop an evidentiary record. This argument does not not comport with the Ohio Administrative Code for the State Dental Board, which includes the follow provision: "[u]pon written request of either party, the board shall issue subpoenas for purposes of hearing to compel the attendance and testimony of witnesses, production of books, records, and papers at the administrative hearings." O.A.C. §4715-15-14.

[Ohio] statutory scheme."). Dr. Kalniz will, therefore, have an adequate opportunity to raise his constitutional challenges, satisfying the third *Younger* factor.

Having found that all three of the factors necessary under that *Younger* abstention doctrine are present here, this Court must abstain.

### B. Exceptions to Younger Abstention Doctrine

Kalniz argues that even if *Younger* abstention doctrine applies in this case, this Court should refuse to apply it because bad faith and bias, two exceptions to *Younger*, are present in the facts of this case. The exceptions to *Younger* have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit. *Gorenc v. City of Westland*, 72 Fed. Appx. 336, 338-39 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986)).

*1. Bad Faith and Harassment*

Even in cases where *Younger* abstention is appropriate, the Supreme Court has held that when there is evidence of bad-faith or harassment in the state prosecution or proceedings, there may be an exception to the application of *Younger*. This exception is, however, rarely applied. In *Tindall v. Wayne County Friend of the Court*, the Sixth Circuit held that:

> Although the Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the Younger abstention doctrine...we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court.

Correspondingly, this Court has found no Sixth Circuit case which has ever authorized federal intervention under the bad faith or harassment exception. Examples of when courts have found bad faith include a Texas city police investigation in which officers repeatedly engaged in searches and seizures which they knew to be unlawful and beyond the scope of statutory authority, and a Southern District of Ohio case in which the county prosecutors had filed twelve separate actions against the federal plaintiffs in order to harass the plaintiffs and drain them of all of their financial resources. *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82 (5th Cir. 1992); *Video Store, Inc. v. Holcomb*, 729 F. Supp. 579, 580 (S.D. Ohio 1990). Conversely, in *Allee v. Medrano*, a case in which the district court issued an injunction preventing Texas police from brutalizing farm workers that the Supreme Court overturned, Justice Burger wrote in his concurrence that "[w]illful, random acts of brutality by police, although abhorrent in themselves, and subject to civil remedies, will not form a basis for a finding of bad faith." 416 U.S. 802, 845 (Burger, C.J., concurring in part).

Dr. Kalniz urges this Court to find that the bad faith exception to the *Younger* abstention doctrine is present in this case. While Dr. Kalniz has made allegations of improper motivations of the Board and the investigators, none of the allegations, even if assumed to be true, rises to the level of egregious bad faith or harassment required for an exception to *Younger* abstention.

*2. Bias*

Dr. Kalniz argues his allegations of bias constitute an exception to *Younger* abstention doctrine under *Gibson v. Berryhill*, 411 U.S. 564 (1973). In *Gibson*, the United States Supreme Court affirmed a district court's decision not to apply *Younger* where the Alabama State Board of Optometry was found to be biased because of prejudgment and pecuniary interest. *Id.* at 578.

The district court had found bias due to prejudgment because the Board had brought a civil suit against the same plaintiffs prior to the administrative proceeding, and bias due to pecuniary interest because the optometrists on the Board, who were all self-employed, sought to revoke the licenses of all optometrists in Alabama who worked for others, thereby severely narrowing the pool of available optometrists and benefitting the self-employed board members. *Id.* Although Dr. Kalniz is correct that where there is evidence of bias such that an adequate state forum is unavailable, the allegations in his Complaint are not sufficient for this Court to find bias to a degree that *Younger* should not apply.

     Dr. Kalniz has alleged pecuniary interest, but only the pecuniary interest of Dr. Awadalla, who is not a member of the State Dental Board charged with the responsibility of adjudicating a disciplinary matter. Dr. Awadalla is solely alleged to have participated in the investigation of Dr. Kalniz, and while such pecuniary interest would certainly be distasteful, it does not fall under the same category as the pecuniary interest in *Gibson*. Furthermore, there is no evidence of prejudgment of the same or similar variety as that in *Gibson*. Despite Dr. Kalniz's assertions that the Board's investigative, prosecutorial, and adjudicative functions violate his due process rights, he does not allege that the same individuals are engaging in these overlapping functions. *See Withrow v. Larkin*, 421 U.S. 35 (1975) (combination of investigative and adjudicative functions in an administrative proceeding does not necessarily constitute a due process violation); *Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir. 1989) (two cases in which bias is found: "the decisionmakers derived a direct, pecuniary interest from decisions adverse to claimants; or the decisionmaker was engaged in both adjudicative and executive functions in violation of the principle of separation of powers."). *Cf. Ward v. Village of*

*Monroeville, Ohio*, 409 U.S. 57 (1972) (due process violation where mayor who was responsible for village finances was also responsible for mayor's court which adjudicated fines). In this case there is no evidence that the individuals investigating Dr. Kalniz are the same individuals adjudicating the disciplinary hearing.

This case does not present a situation in which the decisionmakers in the Ohio State Dental Board disciplinary proceeding, the proceeding that triggers *Younger* abstention, are biased due to prejudgment or pecuniary interest. As a result, the bias exception to *Younger* abstention does not apply.

### C. Stay Rather than Dismissal Appropriate in Section 1983 Action

Having found that *Younger* abstention applies, a district court will most frequently dismiss the case without prejudice. *See Louisville Country Club v. Kentucky Comm'n on Human Rights*, 221 F.3d 1335, 1335 (6th Cir. 2000) (noting that "dismissal without prejudice is proper under *Younger* for equitable claims."). In *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1997), however, the Sixth Circuit held that where a plaintiff was bringing constitutional civil rights claims in a federal court case in which *Younger* abstention was proper, the district court should have stayed the case rather than dismissing it. The reasoning for this stay was to "protect against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claims in state court." *Id.* at 1076. The court opined that in the event that the plaintiff's claims were not barred by res judicata from a state court decision, if her case remained pending in state court, she "would not have to contend with a statute of limitations defense and various tolling arguments upon the filing of a new federal lawsuit." *Id.* In Dr. Kalniz's case, it is possible that the State Dental Board hearing will not

-16-

result in any adverse consequences to Dr. Kalniz's practice of dentistry. Dr. Kalniz would then have no decision to appeal to the state courts, and would not have the opportunity to raise his constitutional civil rights claims. Therefore, in accordance with *Carroll*, this Court finds that while *Younger* abstention is proper, the current action should be stayed until the conclusion of the state court proceedings rather than be dismissed.

## V. CONCLUSION

Accordingly, and for the reasons stated above, the Ohio State Dental Board, et. al.'s Motion to Dismiss is **GRANTED** on Eleventh Amendment grounds as to the Ohio State Dental Board *only*. As to the remaining Defendants, *Younger* abstention is proper in this case, and this Court will **STAY** the current action and **ABSTAIN** from exercising jurisdiction at this time.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE: March 29, 2010**